

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. C. Jones
County Attorney
Red River County
Clarksville, Texas

Dear Sir:

Opinion No. O-7174
Re: Authority of officer to
arrest a person when said
officer is not dressed, as
required under Article 803b,
Penal Code.

In your letter of June 27, 1946, addressed to this department, you ask for an opinion on the following facts, viz:

"In a recent case tried under Art. 727a (5a) P. C. in the Justice Court here; the accused offered as his defense that the arresting officer was not dressed, as required under Art. 803b, which was true. The State contended that in view of the decision handed down in Scoggin v. State, 38 S. W. (2) 592 declaring 803a P. C. unconstitutional, that 803b would likewise be unconstitutional; and therefore, regardless of the manner in which the arresting officer was dressed, it was no defense. Accused then offered Art. 6699a, Rev. Civ. Stat., as a defense on the same grounds, since the arresting officer's authority had sprung from that statute, and in this case he did not have the badge and prescribed cap on at the time."

You are advised that the Attorney General's Department has ruled, and our courts have repeatedly held, that a statute requiring certain peace officers to wear certain type uniforms, garments, caps and official badges while arresting offenders for highway violations is in contravention of our State Constitution, Sec. 19, Art. I, and Sec. 1, Art. II. Scoggin v. State, 38 S. W. (2) 592; Ex parte Heiling, 82 S. W. (2) 644; Scott v. State, 114 S. W. (2) 564.

Honorable B. G. Jones - Page 2

In former opinions of this department, Nos. 0-317 and 0-1454, Article 303(b) of the Penal Code was held unconstitutional for the additional reason that such officer could suspend the enforcement of the highway violations by the voluntary leaving off of his uniform in violation of Art. 1, Sec. 28, of the Constitution, to-wit:

"No power of suspending laws in this state shall be exercised except by the Legislature."

The general law on this subject, as we have had occasion to point out in our former opinions, is Art. 303, R. C. S., to-wit:

"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding articles of this chapter . . ."

We have said in this connection that, in our opinion, the case of Ex Parte Heiling, 32 S. W. (2) 644, goes farther than merely holding Art. 303a to be unconstitutional because it was a special law. The case holds that Art. 303a, as enacted by the Fifth Called Session of the 41st Legislature, was not materially different from 303a, as amended by the Second Called Session of the 41st Legislature; and applying the rule of construction as announced in the Scoggins case, the requirement of a uniform was unconstitutional.

Scott v. State, 114, S. W. (2) 564, agrees with the "Heiling case" in holding that the statute requiring officers to wear certain uniforms, caps and official badges was in contravention of the State Constitution.

Both of these cases rely on the decision of the court and the opinion of Judge Lattimore, of the Court of Criminal Appeals, in the case of Scoggins v. State, 38 S. W. (2) 592, to which you refer and with which you are entirely familiar.

Obviously, if Art. 303b is valid, the option is with the officer to wear a uniform and enforce the State's highway laws, or leave off his uniform and thus relieve himself of the duty of enforcing that law, which, in effect suspends the law.

'782

As stated, that is in violation of Art. 1, Sec. 28, of the Constitution of Texas.

Art. 303b is the latest effort of the Legislature to require the officers of this State to wear a badge at a certain place on his body, to wear a cap, coat or blouse and trousers of named colors before he can make an arrest for a violation of the highway laws of this State, though he is authorized by Art. 303 to make such an arrest. In our opinion, the Legislature has attempted to do what Judge Lattimore in the Scoggins case said it could not do. We think, therefore, that the requirement of a uniform in Art. 303b violates the State Constitution for the reasons given in the opinions of Judges Morrow and Lattimore.

Hence, we concur, unqualifiedly, in the state's contention, as urged by you in the Justice Court case, that "regardless of the manner in which the arresting officer was dressed, it was no defense."

APPROVED JUL 13, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By John L. Wroe

John L. Wroe
Assistant

JLW:zd


APPROVED
SECTION
COMMITTEE
BY _____
CHAIRMAN